UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 10-11520-GAO

MICHELE TAYLOR,
Administratrix of the Estate of Joseph E. Keane,
Plaintiff,

v.

UNITED STATES,
Defendant.

OPINION AND ORDER
June 6, 2011

O'TOOLE, D.J.

The plaintiff, Michele Taylor, is the administratrix of the estate of the decedent, Joseph Keane. In her complaint, Taylor claims that the Department of Labor ("DOL") should have paid the decedent more money in disability benefits than it actually did. The defendant has moved to dismiss the plaintiff's claim for lack of subject matter jurisdiction.

## I. Background

The decedent was on a training cruise as a student with the Massachusetts Maritime Academy in 1962 when he suffered a spinal injury and broken neck which rendered him quadriplegic. From that time until his death in 2005, the decedent received total disability benefits through the DOL under the Federal Employees Compensation Act ("FECA"). His benefits were adjusted to reflect cost-of-living increases over time and to reflect the fact that he probably could have earned more money in full-time employment after his expected graduation from the Maritime Academy.

After Keane died in 2005, Taylor, the administratrix of his estate, filed with the DOL a claim arguing that the agency had failed to award the decedent mandatory benefit payments. The DOL denied her claim in 2005 but apparently sent its decision to an incorrect address. After Taylor filed suit with the Court of Federal Claims in 2008, the DOL reopened the case, wrote a three-page decision explaining its reasons for denying increased payments, included information explaining the process for appeal of its decision, and sent these materials to Taylor's lawyer.

The Court of Federal Claims decided that it lacked jurisdiction over the matter and transferred the case here so that this Court could determine whether it has jurisdiction to review the administrative action at issue.

## II. Discussion

As a general matter, there is a "strong presumption that Congress intends judicial review of administrative action." Bowen v. Mich. Acad. of Family Physicians, 476 U.S. 667, 670 (1986). This presumption may be overcome, however, "upon a showing of clear and convincing evidence of a contrary legislative intent." Traynor v. Turnage, 485 U.S. 535, 542 (1988) (internal citations and quotations omitted).

This case presents such a circumstance. Congress has provided clear and convincing evidence of its intent to restrict judicial review of the DOL's determinations under FECA. Specifically, FECA provides that "[t]he action of the Secretary [of Labor] or his designee in allowing or denying a [FECA] payment . . . is—(1) final and conclusive for all purposes and with respect to all questions or law and fact; and (2) not subject to review by another official of the United States or by a court by mandamus or otherwise." 5 U.S.C. § 8128(b). FECA thus contains "an 'unambiguous and comprehensive' provision barring any judicial review of the Secretary of

Labor's determination of FECA coverage." Southwest Marine, Inc. v. Gizoni, 502 U.S. 81, 90 (1991) (citing Lindahl v. Office of Personnel Mgmt., 470 U.S. 768, 780 (1985)).[1]

Nevertheless, even absolute rules are sometimes less than absolute. It has been held that, even where such a clear prohibition of judicial review has been expressed by Congress, a court may nevertheless review an agency determination in two situations: first, where the agency has applied its power in an unconstitutional manner, see Paluca v. Sec'y of Labor, 813 F.2d 524, 527 (1st Cir. 1987), and, second, where the agency's decision exceeds its delegated power and is clearly contrary to a specific statutory prohibition, see J.F. White Contracting Co. v. Local 103, IBEW, 890 F.2d 528, 531 (1st Cir. 1989). These exceptions are sometimes called "Kyne exceptions" since they arise from the case Leedom v. Kyne, 358 U.S. 184 (1958).

The Kyne exceptions are understood to be "narrow." See R.I. Dep't of Envtl. Mgmt. v. United States, 304 F.3d 31, 42 (1st Cir. 2002). A court may not simply invoke the exceptions "whenever it can be said that an erroneous assessment of the particular facts before [the agency] has led it to a conclusion which does not comport with the law." Boire v. Greyhound Corp., 376 U.S. 473, 481 (1964). It is also inappropriate for a court to exercise jurisdiction pursuant to Kyne simply because an agency action "involve[s] a dispute over statutory interpretation or challenged findings of fact." Dart v. United States, 848 F.2d 217, 231 (D.C. Cir. 1988). "[T]he invocation of Leedom v. Kyne jurisdiction is extraordinary." Id. (citations and quotations omitted).

In the present case, Taylor claims that judicial review is appropriate under Kyne because her constitutional right to due process was violated where the DOL failed to acknowledge her original claims, decided her claim only after considerable delay, and failed to provide her with a

---

[1] "In enacting [FECA] Congress adopted the principal compromise—the 'quid pro quo'—commonly found in workers' compensation legislation: employees are guaranteed the right to receive immediate, fixed benefits, regardless of fault and without need for litigation, but in return they lose the right to sue the Government." Lockheed Aircraft Corp. v. United States, 460 U.S. 190, 194 (1983) (citing legislative history).

3

hearing. It is undisputed that the DOL awarded total disability compensation to the decedent over several decades; it later considered Taylor's claim for increased benefits; it issued a decision regarding those claims; to counter any prejudice that might have flowed from the accident of sending its decision to an incorrect address, the agency re-opened the case, issued a substantial decision, described the process to appeal its decision, and sent these materials to Taylor's lawyer. The plaintiff's allegations simply do not create the extraordinary circumstances necessary to permit subject matter jurisdiction here. See Dart, 848 F.2d at 231 ("[T]he invocation of Leedom v. Kyne jurisdiction is extraordinary."); see also Sugrue v. Derwinski, 26 F.3d 8, 11 (2d Cir. 1994) (a federal court does not "acquire jurisdiction to hear challenges to benefits determinations merely because those challenges are cloaked in constitutional terms."); Rodrigues v. Donovan, 769 F.2d 1344, 1348 (9th Cir. 1985) ("[A] mere allegation of a constitutional violation would not be sufficient to avoid the effect of a statutory finality provision.").

Taylor's other purported constitutional argument—that the Employees' Compensation Appeals Board unconstitutionally encroached on the authority of the Secretary of Labor—is "so attenuated and unsubstantial as to be absolutely devoid of merit." See Paluca, 813 F.2d at 526 (quoting Newburyport Water Co. v. Newburyport, 193 U.S. 561, 579 (1904)).

Taylor also claims that judicial review is appropriate under Kyne because the DOL violated clear statutory mandates of Congress. While other circuits have relied on this "Kyne exception" to examine FECA decisions by the DOL, the First Circuit expressly declined to do so in Paluca. See 813 F.2d at 528. In any event, Taylor's claims of statutory error are of the mundane type that would be unreviewable even under the standards used by other circuits. Taylor's claims are essentially that the DOL misapplied or misinterpreted the statute in computing the benefits to be paid to Keane. Those claims are precisely the kinds of claims for review meant to be excluded by § 8128(b).

4

### III. Conclusion

For the reasons set forth above, the defendant's motion (dkt. no. 23) to dismiss is GRANTED. The case is dismissed for lack of subject matter jurisdiction.

It is SO ORDERED.

s/ George A. O'Toole, Jr.<br>United States District Judge